## WILLIAM V. ESMOND ET AL.

## V.

## THE PEOPLE, ETC.

1. STATE'S ATTORNEY — AGREEMENT TO SET ASIDE FORFEITURE.—A State's attorney who is not in condition to go to trial nor to demand a forfeiture of the recognizance may lawfully agree, in consideration of consent to the forfeiture, that it shall be set aside on the appearance of the defendant at the next term of court.

2. PRACTICE—RIGHT TO HAVE FORFEITURE SET ASIDE.—In case of such agreement being made, and the condition performed, the right to have the default and judgment of forfeiture set aside is absolute by virtue thereof, and not at all dependent upon any favor of the court.

APPEAL from the Circuit Court of Logan county. Opinion filed December 4, 1885.

Mr. E. LYNCH and Messrs. BEACH & HODNETT, for appellants.

Mr. ROBERT HUMPHREY, for appellees.

PLEASANTS, J.   In May, 1884, appellant Esmond, being arrested and brought before a justice of the peace of Logan county on complaint for obtaining money on false pretenses, gave bond in $500, with his co-appellant as surety, for his appearance at the September term to answer, etc., and after arranging with Mr. Beach, his attorney, for notice when he should be wanted, returned to his home in Chicago.   The State's attorney was supposed to be a necessary witness in the case and for that reason Mr. Wallace was employed to prosecute it, and was recognized by the court accordingly.   Upon the return of the indictment very early in the term, at his own instance and because he could not be prepared for the trial, it was agreed between him and Mr. Beach that the cause should stand continued and the defendant excused from appearing until the next term.   No order to that effect was actually entered, but Mr. Beach was not aware of the omission and nothing further was done in the case till near the close of the term when Mr. Wallace suggested to him that he would like to take a forfeiture of the bond, and upon his objecting on the ground of the agreement for continuance, further agreed that if allowed to be then taken it should be set aside by agreement, on the appearance of defendant at the January term following.

Relying upon this understanding Mr. Beach consented, the default of defendant and his surety was taken, judgment of forfeiture entered and a *scire facias* entered returnable to the next term.   Afterward, in vacation, to avoid any chance of his failing to appear, the surety surrendered his principal, who was then held in custody by the sheriff of Logan county, until other security was given.

At the January term, 1885, the defendant appeared, and having paid the costs of the recognizance, moved the court to set aside the default and judgment of forfeiture pursuant to said agreement, which motion was supported by the affidavits of the defendant, and of Mr. Beach and Mr. Wallace respectively, setting forth the facts as above stated.   But in the meantime Mr. Wallace had been notified that his services

would be no longer required in the case, and the State's attorney, though he *nol. pros'd* the indictment, resisted the motion, which was denied.

Thereupon a rule was entered requiring appellants to plead to the *sci. fa. instanter*, and for non-compliance therewith final judgment was entered against them for $500 and costs and for execution thereon, according to the force, form and effect of the bond. To these several rulings, orders and judgments exception was duly taken. Appellants also moved the court, for reasons assigned and filed, to set aside said judgment, and for a rehearing of the case, which was denied, and thereupon this appeal was prayed.

We fail to find in the record or in the elaborate argument of the State's attorney a sufficient reason for his repudiation of the agreement or for the court's refusal to enforce it.

It is said that Esmond refused to appear at the September term, and that this was such *laches* as forbade the setting aside of the forfeiture under the statute. R. S. 1874, Ch. 38, § 310.

To maintain this assertion it is first assumed or inferred, in the face of the evidence and from the fact of surrender alone, that his surety and attorney suspected he would refuse, and then argued, from this suspicion as evidence against him, that he did. We do not so reason. The explanation of his non-appearance is simple, natural, complete and satisfactory, leaving no room for suspicion of evasion or negligence on his part. And if it was otherwise, the people, who by their attorney procured the agreement to continue the case without first defaulting him, could not thereafter take advantage of it.

But it is said that all their rights under this agreement were avoided by their consent to the forfeiture.

Doubtless all were so avoided that were incompatible with the judgment. Nothing, however, was claimed under that agreement. Appellants asked only the right acquired by the later one, under which alone the judgment was or could have been entered. When that was made the other became unimportant except that, being binding until so superseded, it made their consent to the forfeiture indispensable, and thus

Esmond v. The People.

enabled them to dictate the terms on which it would be given, and upon its acceptance these terms, so far as they were lawful, would be obligatory.

It is said that where an agreement is partly in writing and partly in parol, and these conflict, that which is in writing will prevail; that a party to a judgment can not contradict its findings by evidence *aliunde;* that a condition that defeats the grant to which it is annexed is of no effect, and from each of these premises, the conclusion is sought to be drawn that the judgment of forfeiture in this case, though merely preliminary and entered by consent of its own force, when entered avoided the terms on which it was agreed to be entered. But the agreement here was wholly in parol. The judgment formed no part of it, but was taken in pursuance of it.

Nor was there any attempt to contradict the recitals or findings of the judgment. They were, that appellants had given bond for the appearance of Esmond and that he had not appeared according to its terms. These were and are admitted facts. There was no need to contradict them. For though sufficient to authorize the judgment, they could not estop him from afterward showing that the non-appearance was not due to his own *laches*, else no such judgment could ever be set aside as contemplated by the statute.

Manifestly its only object was to strengthen the security for his appearance or production at the January term, or, in case of default, to hasten the time for a judgment that would be final and effectual, and when he so appeared this object was fully accomplished.

Finally, the broad ground is taken, that Mr. Wallace was without power to agree to this condition, or bind the court thereby.

That he had all the power of a State's attorney is not denied; and that a State's attorney who is not in condition to go to trial nor to demand a forfeiture of the recognizance, may lawfully agree, in consideration of consent to the forfeiture, that it shall be set aside on the appearance of the defendant at the next term, is a proposition that we deem unnecessary to argue.

If such an agreement was made and the condition performed, then the right to have the default and judgment of forfeiture set aside was absolute by virtue thereof, and not at all dependent upon any favor of the court.

In this case there is no question about the fact, the terms or the meaning of the agreement, which was sought and procured by the attorney for the people, and on the whole was in their favor. It was made in prudence on the one side and a spirit of accommodation on the other. Appellees have had the full benefit of it. The stipulation in favor of appellants should, therefore, have also have been performed or enforced.

We think its enforcement was properly sought by way of the motion; and for error in denying it, the judgment herein is reversed and the cause remanded.

Reversed and remanded.